## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| EDSAL MANUFACTURING CO., LTD.,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Court No. 24-00087 |
| ) | |
| UNITED STATES,   ) | |
| ) | |
| Defendant.   ) | |

## COMPLAINT

Edsal Manufacturing Co., Ltd. ("Edsal" or "Plaintiff"), through its attorneys, alleges and states as follows:

## JURISDICTION

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c), as this action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(ii).

2.     Plaintiff contests certain factual findings and legal conclusions in the U.S. Department of Commerce's ("Commerce" or the "Department") less-than-fair-value investigation of boltless steel shelving units prepackaged for sale from India (Case No. A-533-914).  The Department's Final Determination was published as Boltless Steel Shelving Units Prepackaged for Sale From India: Final Negative Determination of Sales at Less Than Fair Value, 89 Fed. Reg. 28,746 (Apr. 19, 2024) ("Final Determination"), and the accompanying Issues and Decision Memorandum for the Final Negative Determination in the Less-Than-Fair-Value Investigation of Boltless Steel Shelving Units Prepackaged for Sale from India (Apr. 12, 2024) ("IDM").

**STANDING OF PLAINTIFF**

3.     Plaintiff Edsal Manufacturing Co., Ltd. is a manufacturer, producer, or wholesaler in the United States of the domestic like product, boltless steel shelving units prepackaged for sale. Plaintiff was the petitioner in the underlying agency investigation and actively participated as a party to that proceeding.  Thus, Plaintiff is an interested party within the meaning of sections 516A(f)(3) and 771(9)(C) of the Tariff Act of 1930, as amended (hereinafter, the "statute" or the "Act"), 19 U.S.C. §§ 1516a(f)(3), 1677(9)(C), respectively, and Plaintiff has standing to bring this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**TIMELINESS OF THIS ACTION**

4.     Commerce published notice of its negative final determination in the Federal Register on April 19, 2024.  See Final Determination, 89 Fed. Reg. at 28,746.  Pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and U.S. CIT Rule 3(a), Plaintiff timely filed a Summons within 30 days of the date on which Commerce's negative final determination was published in the Federal Register (see ECF No. 1, dated May 9, 2024) and this Complaint is being timely filed within 30 days of the filing date of the Summons.  See 19 U.S.C. § 1516a(a)(2)(A)(i)(I); 28 U.S.C. § 2636(c); U.S.C.I.T. Rule 3(a)(2).

**STATEMENT OF CLAIMS AND BASIS FOR RELIEF**

**COUNT I**

5.     Paragraphs 1 through 4 above are re-alleged and incorporated herein by reference.

6.     In determining "whether subject merchandise is being, or is likely to be, sold at less than fair value, a fair comparison shall be made between the export price or constructed export price and normal value." 19 U.S.C. § 1677b(a).  In to order achieve such "a fair comparison," the statute instructs Commerce to determine the normal value as "the price at which the foreign like product is first sold (or, in the absence of a sale, offered for sale) for consumption in the

exporting country, in the usual commercial quantities and in the ordinary course of trade and, to the extent practicable, at the same level of trade as the export price or constructed export price." 19 U.S.C. § 1677b(a)(1)(B)(i); see also 19 U.S.C. § 1677b(a)(1)(A).  However, when Commerce "determines that the aggregate quantity (or, if quantity is not appropriate, value) of the foreign like product sold in the exporting country is insufficient to permit a proper comparison with the sales of the subject merchandise to the United States," Commerce may use "the price at which the foreign like product is so sold (or offered for sale) for consumption in a country other than the exporting country or the United States," i.e., a third country, or "the constructed value of that merchandise."  19 U.S.C. § 1677b(a)(1)(C)(ii), (a)(1)(B)(ii), and (a)(4).

7.    "The aggregate quantity (or value) of the foreign like product sold in the exporting country shall normally be considered to be insufficient if such quantity (or value) is less than 5 percent of the aggregate quantity (or value) of sales of the subject merchandise to the United States," and Commerce also cannot use a third country price unless "the aggregate quantity (or, if quantity is not appropriate, value) of the foreign like product sold by the exporter or producer in such other country is 5 percent or more of the aggregate quantity (or value) of the subject merchandise sold in the United States or for export to the United States."  19 U.S.C. § 1677b(a)(1)(C)(iii), (a)(1)(B)(ii)(II).

8.    In the underlying investigation, Commerce selected ESS ENN Auto CNC Private Limited ("ESS ENN Auto") and Triune Technnofab Private Limited ("Triune") as the respondents to individually examine.  See Boltless Steel Shelving Units Prepackaged for Sale From India: Preliminary Negative Determination of Sales at Less Than Fair Value and Postponement of Final Determination, 88 Fed. Reg. 83,395 (Dep't Commerce Nov. 29, 2023) ("Preliminary Determination"), and accompanying Decision Memorandum for the Preliminary Negative

Determination in the Less-Than-Fair-Value Investigation of Boltless Steel Shelving Units Prepackaged for Sale from India (Nov. 21, 2023) ("PDM") at 2.  However, following Commerce's determination that ESS ENN Auto and an alternative potential respondent (Addagudi Exports) did not produce or ship subject merchandise, Triune became the sole company subject to individual examination.  Id. at 2-3.

9.    Commerce found that Triune's home and third country market sales were not viable.  Letter from Alma Sepúlveda, Lead Accountant, Office of Accounting, Enforcement and Compliance, to All Interested Parties re: Antidumping Duty Investigation of Boltless Steel Shelving Prepackaged for Sale from India: Request for Constructed Value Profit and Selling Expense Comments and Information (Sept. 6, 2023) ("CV Profit Letter"); PDM at 12. Accordingly, Commerce invited interested parties to submit comments and factual information, including surrogate company financial statements, for Commerce's consideration in calculating constructed value ("CV") profit and selling expenses.  CV Profit Letter; PDM at 12.  After granting extensions of time, the deadlines for the submission of this information were October 2, 2023, for comments and factual information, and October 10, 2023, for rebuttal comments and information. See PDM at 12.  Commerce provided detailed instructions governing the submission of surrogate company financial statements.  See CV Profit Letter.  These instructions included the requirement that parties must "confirm that the source {of each of the financial statements} is publicly available."  Id. at 2.

10.    On October 2, 2023, Edsal submitted CV profit and expense information, including the financial statements of two companies, an Indian company, Mekins Industries Private Limited ("Mekins"), and a Malaysian company, Eonmetall Group Berhad ("Eonmetall").  Letter from Kelley Drye & Warren LLP to Sec'y of Commerce re: Less-Than-Fair-Value Investigation of

Boltless Steel Shelving Units Prepackaged for Sale from India – Petitioner's Submission Regarding Constructed Value Profit and Selling Expenses (Oct. 2, 2023) at 3, Attachs. 1B, 2B.  As explained in the submission, "{t}he Mekins financial statements {for the fiscal year 2022 to 2023} were obtained from the website of the Government of India's Ministry of Corporate Affairs."  Id. at 3-4.  The "Eonmetall financial statements were obtained from the company's own website."  Id. at 4.

11.    On October 2, 2023, Triune submitted CV profit and expense information, including the financial statements of seven companies.  Letter from Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP to Sec'y of Commerce re: Triune's Submission of Factual Information for CV Profit and ISE: Antidumping Duty Investigation of Boltless Steel Shelving Prepackaged for Sale From India (Oct. 2, 2023) ("Triune CV Profit Comments").  According to Triune's submission, "{s}ix of the seven financial statements have been directly downloaded from the {Government of India's Ministry of Corporate Affairs' ('MCA')} website after payment of applicable fees."  Id. at 2.  However, Triune noted that "the due date for filing of the fiscal year 2022-23 financial statements with the MCA is November 30, 2023," more than eight weeks after the deadline for CV profit information.  Id.; see PDM at 12 (noting the October 2, 2023 deadline for CV profit information).  As a result, Triune provided "financial statements for fiscal year 2021-22 only," but "with one exception."  Triune CV Profit Comments at 2.  Triune included a copy of the financial statement of TMTE Metal Tech Private Limited ("TMTE") for fiscal year 2022-23, which Triune obtained from TMTE's owner.  Id. at 2, Exs. CV-8(c), CV-8(e).  Triune also submitted a letter from TMTE's owner "agreeing to place on record this financial statement as a public document."  Id. at 2, Ex. CV-8(e).  Triune did not request an extension of time to submit

any of the fiscal year 2022-23 versions of the financial statements it submitted once they became publicly available.

12.     On October 10, 2023, Edsal submitted rebuttal comments to Triune's CV profit and selling expense comments and information.  Letter from Kelley Drye & Warren LLP to Sec'y of Commerce re: <u>Less-Than-Fair-Value Investigation of Boltless Steel Shelving Units Prepackaged for Sale from India – Petitioner's Rebuttal Comments Pertaining to Triune's Submission of Factual Information for CV Profit and Selling Expenses</u> (Oct. 10, 2023).  Edsal explained why TMTE's financial statement was not a suitable source for Commerce's CV profit and selling expense calculations.  <u>Id.</u> at 2-8.  While Triune was able to access TMTE's financial statements directly from TMTE's owner and not from a publicly available source, Edsal was unable to locate the same financial statements in the public domain.  <u>Id.</u> at 4.  Edsal further explained that consistent with Commerce's longstanding policy of accepting only publicly available sources of information for the purposes of CV profit calculations, Commerce should disregard TMTE's financial statement.  <u>Id.</u>

13.     On October 23, 2023, Triune submitted new factual information in advance of Commerce's November 21, 2023 deadline for the preliminary determination in the investigation.  <u>See</u> Letter from Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP to Sec'y of Commerce re: <u>Triune's Submission of 30-Day Factual Information re: TMTE Financial's Public Availability: Antidumping Duty Investigation of Boltless Steel Shelving Prepackaged for Sale From India</u> (Oct. 23, 2023) ("Triune TMTE Factual Info.");  <u>Boltless Steel Shelving Units Prepackaged for Sale From India, Malaysia, Taiwan, Thailand and the Socialist Republic of Vietnam: Postponement of Preliminary Determinations in the Less-Than-Fair-Value Investigations</u>, 88 Fed. Reg. 63,063, 63,064 (Dep't Commerce Sept. 14, 2023).  Triune submitted a printout from the MCA's website

portal, which Triune argued "evidences that TMTE's 2022-23 financial statement has now been filed with the Registrar of Companies," and thus, "any can person can approach the Indian agency and obtain a copy of TMTE's 2022-23 financial statement upon payment of prescribed fees." Triune TMTE Factual Info. at 1, Ex. 1.  Triune did not include with its October 23rd submission the specific financial statement that was purportedly filed and retrievable from the MCA's website.

14.     Just four days after Triune's October 23rd submission, Edsal urged Commerce to reject and remove Triune's new factual information as untimely.  Letter from Kelley Drye & Warren LLP to Sec'y of Commerce re: <u>Less-Than-Fair-Value Investigation of Boltless Steel Shelving Units Prepackaged for Sale from India – Petitioner's Request to Reject Triune's Untimely Submission of New Factual Information</u> (Oct. 27, 2023).  Triune opposed Edsal's request that the October 23rd submission be rejected and removed from the record.  Letter from Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP to Sec'y of Commerce re: <u>Triune's Opposition to Petitioner's Request to Reject Triune's 30-Day New Factual Information: Antidumping Duty Investigation of Boltless Steel Shelving Prepackaged for Sale From India</u> (Nov. 2, 2023).

15.     On November 13, 2023, Commerce issued a memorandum in which it accepted Triune's October 23rd submission.  Memorandum from Mark Hoadley, Program Manager, AD/CVD Operations Office VII to The File re: <u>Antidumping Duty Investigation of Boltless Steel Shelving Units Prepackaged for Sale from India: Acceptance of Submission and Opportunity to Submit Rebuttal Information</u> (Nov. 13, 2023).  Commerce asserted it had "determined that good cause exists to extend the deadline for CV profit information to October 23, 2023."  <u>Id.</u> at 2 (footnoted omitted).  The basis for this determination was Triune's November 2nd letter in which it indicated that TMTE's fiscal year 2022-23 financial statement "placed on the record was not available on the due date for CV profit information."  <u>Id.</u>  In addition, Commerce "disagree{d}

with both parties and their characterization of the information related to the constructed value ('CV') profit information in Triune's October 23, 2023 submission."  Id.

16.    Commerce issued its preliminary determination on November 21, 2023.  See Preliminary Determination, 88 Fed. Reg. at 83,397.  For the purposes of calculating CV profit under section 773(e)(2)(B)(iii) of the Act (19 U.S.C. § 1677b(2)(B)(iii)), Commerce found all but one (TMTE's) of the submitted financial statements to be unsuitable for calculating CV profit. PDM at 11-12.

17.    During the briefing stage of the investigation, Edsal reiterated its position that Commerce wrongfully accepted Triune's untimely October 23rd new factual information, and urged Commerce to acknowledge and account for the fact that TMTE's financial statement was not publicly available at the time of submission.  Petitioner's Case Brief (Feb. 21, 2024) at 1-10.

18.    Commerce issued its final determination on April 12, 2024.  Final Determination, 89 Fed. Reg. at 28,747.  Commerce continued to rely solely on TMTE's financial statements for calculating CV profit.  IDM at 4.  In addition, Commerce did not reconsider its basis for accepting Triune's October 23, 2023 submission and simply asserted that it "exercised its discretion under {Commerce's} regulations" and accepted the placement of the October 23rd information on the record.  Id. at 5.  Because the October 23rd submission, according to Commerce, showed "TMTE's financial statement was filed" with the Indian Government "and was, thus, publicly available," Commerce declined to reject TMTE's financial statement.  Id. at 5-6.  Without specifying precisely when the 2022-23 financial statements of TMTE became publicly available, Commerce asserted that "TMTE's financial statements are public information and analyzed as such," noting that "TMTE's financial statements have been publicly available since October 2023."  Id. at 6.

19.    In accepting Triune's submission of new factual information concerning the TMTE financial statements after the deadline for interested parties to submit CV profit information, Commerce failed to appropriately apply the plain language of its regulations, and relied on an interpretation of the regulations that is inconsistent with the agency's past practice. Commerce's decision to extend the deadline for submission of CV profit information, and to accept the late filed information indicating TMTE's financial statement was publicly available, is contrary to law.

**COUNT II**

20.    Paragraphs 1 through 19 are re-alleged and incorporated herein by reference.

21.    Commerce's determination that the version of TMTE's financial statement submitted by Triune and analyzed by the agency is publicly available is not supported by substantial evidence. Triune never submitted a copy of TMTE's financial statement that was obtained from the MCA's website. The only copy of the financial statement on the record is the version obtained by Triune directly from TMTE's owner. As a result, Commerce's determination that the version of TMTE's financial statement analyzed by the agency is publicly available is not supported by substantial evidence, nor is Commerce's reliance on that financial statement for purposes of calculating surrogate profit and selling expense ratios.

**COUNT III**

22.    Paragraphs 1 through 21 are re-alleged and incorporated herein by reference.

23.    Commerce also preliminarily found Mekins' financial statement to be unsuitable because it "indicate{d} that it received countervailable subsidies." PDM at 12. Commerce found that TMTE's 2022-23 financial statement was the best source for calculating CV profit. Id. at 12-13.

24.    Edsal explained in its case brief that Commerce's longstanding practice supports the use of Mekins' financial statements. Petitioner's Case Brief (Feb. 21, 2024) at 10-14. In

addition, Edsal underscored that Commerce is not bound by any statutory or regulatory requirement to refuse to consider financial statements for its CV profit calculations when those statements indicate receipt of countervailable subsidies.  Id. at 10.  Further, Edsal highlighted the fact that Mekins' financial statement showed only a very modest subsidy amount received, and that Triune's own financial statements indicate that Triune, too, received countervailable subsidies. Id. at 11-14.

25.     In the Final Determination, Commerce continued to find Mekins' financial statements unsuitable as a source for calculating CV profit.  See IDM at 6-8.  Specifically, Commerce rejected Mekins' financial statements because it determined TMTE's financial statements were more suitable, and because Mekins' financial statements indicated that it had received countervailable subsidies.  Id.

26.     Commerce's rejection of Mekins' financial statements on the basis that they show evidence of the receipt of countervailable subsidies is not supported by substantial evidence and is otherwise not in accordance with law.  Commerce has a longstanding practice of relying on financial statements that show evidence of the receipt of subsidies, a practice that is consistent with the statute.  Commerce failed to explain its departure from this practice.

27.     Commerce also failed to consider evidence that any subsidies received by Mekins were negligible and did not have a distortive impact on the CV profit or selling expense ratios.  Moreover, given that Triune's own financial statements indicated the company was in receipt of subsidies, Commerce failed to explain how Mekins' financial statements are not representative of Triune's selling and profit experience.

28.     Commerce's failure to address these arguments makes its Final Determination unsupported by substantial evidence and otherwise not in accordance with law.

**COUNT IV**

29.    Paragraphs 1 though 28 are re-alleged and incorporated here by reference.

30.    In its case brief, Edsal alternatively urged Commerce to rely on an average of the information from Mekins' and TMTE's financial statements, given that Mekins' financial statements are not distortive or otherwise unreliable.  Petitioner's Case Brief (Feb. 21, 2024) at 14-15.

31.    Commerce rejected this argument in the <u>Final Determination</u>, relying solely on the fact that Mekins' financial statements indicate receipt of countervailable subsidies.  <u>See</u> <u>IDM</u> at 8.

32.    Commerce's determination not to rely on an average of the two financial statements is inconsistent with the agency's past practice.  Moreover, Commerce failed to acknowledge that an average of the two financial statements would result in a more accurate CV profit and selling expense calculation.  Thus, Commerce's failure to average the two financial statements is unsupported by substantial evidence and otherwise not in accordance with law.

**DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**

33.    WHEREFORE, Plaintiff respectfully requests that this Court:

(a)    enter judgment in its favor and against Defendant;

(b)    hold that Commerce's Final Negative Determination is not supported by substantial evidence and is otherwise not in accordance with law with respect to the claims advanced by Plaintiff in this Complaint;

(c)    remand the Final Negative Determination to Commerce with instructions to correct the errors set forth in this Complaint; and

(d)    provide such other relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Joshua R. Morey
KATHLEEN W. CANNON
JOSHUA R. MOREY
MATTHEW T. MARTIN
KELLEY DRYE & WARREN LLP
3050 K Street NW, Suite 400
Washington, DC  20007
(202) 342-8867
kcannon@kelleydrye.com
jmorey@kelleydrye.com
mmartin@kelleydrye.com

Counsel to Plaintiff Edsal Manufacturing Co., Ltd.

Dated: June 4, 2024

**CERTIFICATE OF SERVICE AND NOTICE TO INTERESTED PARTIES**

**<u>Edsal Manufacturing Co., Ltd. v. United States</u>**
**CIT Court No. 24-00087**

       Pursuant to Rule 3(f) of the Rules of the U.S. Court of International Trade, I, Joshua R. Morey, hereby certify that on June 4, 2024, copies of the foregoing Complaint were served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified or registered mail, return receipt requested unless otherwise indicated:

**<u>UPON THE UNITED STATES</u>**

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278-0001

Director, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, N.W., Room 12124
Washington, DC 20530

**<u>UPON THE U.S. DEPARTMENT OF COMMERCE</u>**

General Counsel
U.S. Department of Commerce
14th Street & Constitution Avenue, N.W.
Washington, DC 20230

Ms. Evangeline Keenan, Esq.
Director, APO/Dockets Unit
U.S. Department of Commerce
14th Street & Constitution Avenue, N.W.
Room 1874
Washington, DC 20230

**On behalf of JS Products, Inc.**

Nithya Nagarajan, Esq.
Husch Blackwell LLP
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006
Email: nithya.nagarajan@huschblackwell.com

**On behalf of Triune Technofab Private Limited**

Dharmendra N. Choudhary, Esq.
Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP
1201 New York Ave., NW
Suite 650
Washington, DC 20005
Email: dchoudhary@gdlsk.com

**On behalf of ESS ENN Auto CNC Private Limited**

Arpit Mehra
Lakshmi Kumaran & Sridharan
5, Link Road, Jangpura, Block M, Jangpura Extension
New Delhi, Delhi, India 110014
Email: arpit.mehra@lakshmisri.com
**(registered mail)**

/s/ Joshua R. Morey
JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP